AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
## for the

**FILED IN THE UNITED STATES DISTRICT COURT DISTRICT OF HAWAII**
**MAR 28 2022**
at 2 o'clock and 00 min. P M
CLERK, U.S. DISTRICT COURT
LS

ORIGINAL

Jack Brenha
*Petitioner*

v.

Case No. CV22 00126 LEK KJM
*(Supplied by Clerk of Court)*

Estela Derr
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

### PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

**Personal Information**

1. (a) Your full name: Jack Brenha
   (b) Other names you have used:
2. Place of confinement:
   (a) Name of institution: FDC Honolulu
   (b) Address: P.O. Box 30080
   Honolulu, Hawaii 96820
   (c) Your identification number: 12265-122
3. Are you currently being held on orders by:
   ☒ Federal authorities   ☐ State authorities   ☐ Other - explain:

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
   (a) Name and location of court that sentenced you: US District Court Hawaii
   Honolulu, Hawaii
   (b) Docket number of criminal case: 1:20CR00128-001
   (c) Date of sentencing: 09/22/2021
   ☐ Being held on an immigration charge
   ☐ Other *(explain)*:

### Decision or Action You Are Challenging

5. What are you challenging in this petition:
   ☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

Page 2 of 9

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

☐ Pretrial detention
☐ Immigration detention
☐ Detainer
☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
☐ Disciplinary proceedings
☐ Other *(explain)*:

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court:  FDC Honolulu, Honolulu, Hawaii

   (b) Docket number, case number, or opinion number:  1112591-F1
   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:
   The decision does not address eligibility status for FSA Time Credit

   (d) Date of the decision or action:  3/14/2022

## Your Earlier Challenges of the Decision or Action

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☐ Yes           ☐ No
   (a) If "Yes," provide:
       (1) Name of the authority, agency, or court:

       (2) Date of filing:
       (3) Docket number, case number, or opinion number:
       (4) Result:
       (5) Date of result:
       (6) Issues raised:




   (b) If you answered "No," explain why you did not appeal:  The decision provided by the ~~last~~
   fails to address the issue brought by the Petitioner and would require
   the Petitioner to start the whole process all over again with less than
8. ~~Second appeal~~  one month until his home detention eligibility date.
   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☐ Yes           ☒ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (a) If "Yes," provide:
        (1) Name of the authority, agency, or court:
        (2) Date of filing:
        (3) Docket number, case number, or opinion number:
        (4) Result:
        (5) Date of result:
        (6) Issues raised:

    (b) If you answered "No," explain why you did not file a second appeal:

9. **Third appeal**
After the second appeal, did you file a third appeal to a higher authority, agency, or court?
☐ Yes    ☒ No
    (a) If "Yes," provide:
        (1) Name of the authority, agency, or court:
        (2) Date of filing:
        (3) Docket number, case number, or opinion number:
        (4) Result:
        (5) Date of result:
        (6) Issues raised:

    (b) If you answered "No," explain why you did not file a third appeal:

10. **Motion under 28 U.S.C. § 2255**
In this petition, are you challenging the validity of your conviction or sentence as imposed?
☐ Yes    ☒ No
If "Yes," answer the following:
    (a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?
        ☐ Yes    ☐ No

If "Yes," provide:
(1) Name of court: _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?
☐ Yes  ☒ No

If "Yes," provide:
(1) Name of court: _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?
☐ Yes  ☒ No

If "Yes," provide:
(a) Date you were taken into immigration custody: _____
(b) Date of the removal or reinstatement order: _____
(c) Did you file an appeal with the Board of Immigration Appeals?
☐ Yes  ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1) Date of filing:
(2) Case number:
(3) Result:
(4) Date of result:
(5) Issues raised:

(d) Did you appeal the decision to the United States Court of Appeals?
☐ Yes   ☐ No
If "Yes," provide:
(1) Name of court:
(2) Date of filing:
(3) Case number:
(4) Result:
(5) Date of result:
(6) Issues raised:

12. **Other appeals**
Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
☐ Yes   ☒ No
If "Yes," provide:
(a) Kind of petition, motion, or application:
(b) Name of the authority, agency, or court:

(c) Date of filing:
(d) Docket number, case number, or opinion number:
(e) Result:
(f) Date of result:
(g) Issues raised:

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** The Respondent refuses to adjust the Petitioner's status for First Step Act (FSA) Time Credits which is depriving him of early release and the benefits of the law that was passed in 2018.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
The Respondent (FDC Honolulu) has the Petitioner catagorized as ineligible to receive FSA Time Credits. The Petitioner was catagorized until recently as ineligibile due to "refused" status for Psychology classes (see attached "A"). The Respondent acknowledged this error in her response to the Petitioner's administrative remedy (see attached "B"). However, this

(b) Did you present Ground One in all appeals that were available to you?   **CONTINUED**
☒ Yes   ☐ No

**GROUND TWO:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes   ☐ No

**GROUND THREE:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes   ☐ No

GROUND ONE SUPPORTING FACTS CONTINUED

was not updated by FDC Honolulu. Additionally, the FSA ineligible status up to the point of acknowleding the error prevented the Petitioner of collecting Time Credits over the period of months and those credits have not been retroactively applied.

FDC Honolulu is also incorrectly depriving inmates (including the Petitioner) of Time Credits using the excuse that inmates are not "programming". FDC Honolulu, contrary to Bureau of Prisons policy, does not offer programming to its inmates other than very few classes that have limited space. Inmates have been told that this is due to staffing issues. For an example, FDC Honolulu has been without a GED teacher for months and has offered no classes. The Psychology Department at FDC Honolulu has lost its primary teacher (Murphy) and as a result offers no classes such as Trauma and Parenting which are anti-recidivism classes outlined in the First Step Act.

The Department of Justice published its "Final Rules" associated with the First Step Act and its Time Credits in the Federal Register on January 19, 2022. The Department of Justice states in the Register "inmates will not be punished if they cannot participate for reasons beyond their control". This specifcally refers to the availability of programming and productive activities.

The Department of Justice states in its "Final Rules" that Time Credits will be applied in the form of time added to Supervised Release deducted from the time an inmate is to spend in Bureau of Prisons custody. Using the Petitioner as an example, he has served 20 months in custody and has accumulated a minimum of 10 days per month of FSA Time Credit (the law actually states that an inmate can earn an additional 5 days per month on top of the 10 if he is classified as a minimum or low level recidivism, the Petitioner disputes his status as a medium level, but is entitled to no less than the 10 that the law states). The Petitioner qualifies for full credit by virtue of the fact that he has engaged in productive activity and has made every attempt to attend any and all classes that FDC Honolulu should (but does not) offer. The 200 days that the Petitioner is entitled to should be deducted (per the Department of Justice) from his 27 month in-custody time and added to his Supervised Release. His current projected release date is 6/27/2022 (see attached "C"). Deducting the Time Credits that the Petitioner has earned, he should have been released in 2021.

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes   ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

**Request for Relief**

15. State exactly what you want the court to do:   Order the Respondant to obey the law (FSA) and Department of Justice policy ("Final Rules") and release the Petitioner immediately to Supervised Release.

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 3-22-2022

*Jack Brenha*
Signature of Petitioner

Signature of Attorney or other authorized person, if any